IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IAN LEONARD CLARK,                                    Case No. 3:23-cv-01667-SB

                          Plaintiff,                       **OPINION AND ORDER**

          v.

ELLEN F. ROSENBLUM,

                          Defendant.

_____

**BECKERMAN, U.S. Magistrate Judge.**

      This matter comes before the Court on Defendant Ellen F. Rosenblum's (the "Attorney General") motion to dismiss Plaintiff Ian Clark's ("Clark") complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636. For the reasons explained below, the Court grants the Attorney General's motion to dismiss because this court lacks subject matter jurisdiction over Clark's claims.

///

///

///

PAGE 1 – OPINION AND ORDER

# BACKGROUND

## I.    STANDARDS OF REVIEW

### A.    Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs motions to dismiss for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). When a party challenges subject matter jurisdiction, the burden of proof is on the party asserting that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists") (citations omitted).

The Ninth Circuit has explained that "[t]o contest a plaintiff's showing of subject matter jurisdiction, a defendant may file two types of Rule 12(b)(1) motions[.]" *Bedwell v. TBLB Enters. LLC*, No. 21-56245, 2022 WL 3083320, at *1 (9th Cir. Aug. 3, 2022). A defendant may file "a facial attack, which challenges jurisdiction 'facially,' by arguing that the allegations . . . are insufficient on their face to invoke federal jurisdiction, or a 'factual' attack, which presents extrinsic evidence . . . disputing the truth of the allegations of the complaint that would otherwise invoke federal jurisdiction." *Id.* (citing, *inter alia*, *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)). Here, although the Attorney General submitted extrinsic evidence relating to Clark's underlying state case (*see* Decl. Anuradha Sawkar, ECF No. 16), the Court interprets her subject matter jurisdiction arguments as a facial challenge.

### B.    Self-Represented Litigants

"Pro se pleadings are held to a less stringent standard than those drafted by lawyers." *Graves v. Nw. Priority Credit Union*, No. 3:20-cv-00770-JR, 2020 WL 8085140, at *2 (D. Or. Dec. 12, 2020) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "In cases involving a [self-represented] plaintiff, the court construes the pleadings liberally and affords the plaintiff the

benefit of any doubt." *Kali v. Bulk Handling Sys.*, No. 6:18-cv-02010-AA, 2019 WL 1810966, at *4 (D. Or. Apr. 23, 2019) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)).

"The court, in many circumstances, instructs the pro se litigant regarding deficiencies in the complaint and grants leave to amend." *Graves*, 2020 WL 8085140, at *2 (citing *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987)). "Nevertheless, a pro se plaintiff's claims may be dismissed without leave to amend where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle [the plaintiff] to relief." *Id.* (citing *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008)).

## DISCUSSION

The Attorney General moves to dismiss Clark's complaint for lack of federal subject matter jurisdiction, arguing that the Eleventh Amendment bars Clark's claims and Clark lacks standing to bring his claims. (Def.'s Mot. Dismiss at 1-14, ECF No. 15.)

### A.    Clark's Complaint

In his complaint, Clark alleges that Oregon Revised Statute ("ORS") § 14.270 ("ORS § 14.270") and Multnomah County Supplementary Local Rule 7.045 ("Local Rule 7.045") violate the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. (Compl. at 3-7, ECF No. 1.) As relevant here, ORS § 14.270 provides that parties to a state court proceeding must file a motion for change of judge at the time of assignment (if the party believes it "cannot have a fair and impartial trial or hearing before the judge" under ORS § 14.260), and may not file a motion to disqualify a judge after the judge has already ruled on a motion:

> An affidavit and motion for change of judge to hear the motions and demurrers or to try the case shall be made at the time of the assignment of the case to a judge for trial or for hearing upon a motion or demurrer. . . . No motion to disqualify a judge to whom a case has been assigned for trial shall be made after the judge has ruled upon any petition, demurrer or motion other than a motion to extend time in the cause, matter or proceeding[.]

PAGE 3 – OPINION AND ORDER

ORS § 14.270;[1] *see also* Local Rule 7.045 (outlining the required procedures for filing a motion for change of judge in Multnomah County Circuit Court).

Clark complains that ORS § 14.270 and Local Rule 7.045 do not provide state court litigants with enough time to recuse a judge, as evidenced by Clark's inability to recuse the state court judge assigned to his recent civil case in Multnomah County Circuit Court (Case No. 22CV02753). (Compl. at 5.) In his complaint, Clark does not identify any role that the Attorney General plays in the rules governing motions to change a state court judge, nor any actions the Attorney General took in connection with Clark's state court case. Instead, he appears to name the Attorney General as a defendant in an attempt to certify a constitutional question pursuant to 28 U.S.C. § 2403. *See* 28 U.S.C. § 2403 (requiring a plaintiff challenging the constitutionality of a state statute to "certify such fact to the attorney general of the State" where the "State or any agency, officer, or employee" is *not* a party).

Clark asks this Court to (a) revise ORS § 14.270 and Local Rule 7.045 to allow state court litigants to file recusal motions at any time; (b) vacate the judgment in Multnomah County Circuit Court Case No. 22CV02753 and "request that the Court decide in [Clark's] favor"; and (c) award him compensatory damages.[2] (*Id.*)

///

///

---

[1] As the Attorney General notes, a party's motion to disqualify a judge for cause is not subject to any statutory time limits. (*See* Def.'s Mot. Dismiss at 2 & n.1, citing *State v. Ovalle*, 529 P.3d 278, 279 (Or. Ct. App. 2023)).

[2] Clark also alleges that the Multnomah County Circuit Court violated ORS § 51.05 by not automatically providing a stenographer for a hearing in his state court case, but appears to raise the issue only to demonstrate that the court's "malicious strategizing be taken into account when considering any compensatory award or damages." (Compl. at 7.)

B.    **Analysis**

The Attorney General moves to dismiss Clark's constitutional claims on the ground that the Eleventh Amendment bars the claims. (Def.'s Mot. Dismiss at 6-7.) The Court agrees.

Pursuant to the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State[.]" U.S. CONST. amend. XI. The Supreme Court "has drawn upon principles of sovereign immunity to construe the Amendment to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990) (simplified). In other words, "[s]tates are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (citing *Alden v. Maine*, 527 U.S. 706, 713, (1999)).

It is well settled that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted); *see also Lewis v. Clarke*, 581 U.S. 155, 162 (2017) ("In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself.") (citations omitted). As a result, the Eleventh Amendment bars official-capacity suits absent the state's waiver of sovereign immunity. *See Will*, 491 U.S. at 66, 71.

"The Eleventh Amendment bar to suit is not absolute." *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). In *Ex parte Young*, the Supreme Court established a limited exception to Eleventh Amendment immunity for claims seeking prospective injunctive relief against a state official in her official capacity. 209 U.S. 123, 159-60 (1908). For the *Ex parte Young* exception to apply, the named state official "must have some connection with the

PAGE 5 – OPINION AND ORDER

enforcement" of the challenged law and the connection "must be fairly direct[.]" *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (quoting *Ex parte Young*, 209 U.S. at 157). A "generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Id.* (citations omitted); *see also Mecinas v. Hobbs*, 30 F.4th 890, 903 (9th Cir. 2022) (noting that Eleventh Amendment "immunity is subject to an exception for actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law so long as the state officer has some connection with enforcement of the act") (simplified); *Sullivan v. Ferguson*, 636 F. Supp. 3d 1276, 1287 (W.D. Wash. 2022) ("*Ex parte Young* provides an exception to state sovereign immunity by permitting parties to sue state officials in their official capacity for prospective injunctive and declaratory relief from unconstitutional state laws so long as there is some connection between the officer and enforcement of the allegedly unconstitutional act." (citing *Ex parte Young*, 209 U.S. at 157)).

In his complaint, Clark names the Attorney General, a state official, as a defendant in her official capacity, but seeks only damages and retrospective injunctive relief. (Compl. at 2, 7.) Specifically, Clark asks the Court to vacate the judgment in his state court case and decide that case in Clark's favor. (*Id.* at 7.) Clark does not seek prospective injunctive or declaratory relief and therefore the *Ex parte Young* exception to Eleventh Amendment immunity does not apply to Clark's claims.

Even if the Court allowed Clark to amend his complaint to add a request for prospective injunctive or declaratory relief, he has not alleged—and cannot establish as a matter of law—that the Attorney General has any connection to his claims or that she has the authority to enforce either ORS § 14.270 or Local Rule 7.045. *See Whole Woman's Health*, 595 U.S. at 43 ("[T]he

petitioners do not direct this Court to any enforcement authority the attorney general possesses in connection with [the challenged law] that a federal court might enjoin him from exercising."); *Cummings v. Harris*, No. 14-cv-02539-BLF, 2015 WL 4552446, at *3 (N.D. Cal. July 28, 2015) (holding that the Eleventh Amendment bars the plaintiff's claims against California's attorney general challenging the constitutionality of a California vehicle code provision where "there are no allegations concerning [the attorney general's] conduct in connection with [the plaintiff's] claims, nor is she even mentioned anywhere in the [complaint] other than as the defendant to this lawsuit").

Accordingly, the *Ex parte Young* exception to Eleventh Amendment immunity does not apply here, the Eleventh Amendment bars Clark's claims, and Clark has failed to satisfy his burden of demonstrating that the Court has federal subject matter jurisdiction over this case.[3] *See Bolbol v. Brown*, 120 F. Supp. 3d 1010, 1018 (N.D. Cal. 2015) (dismissing constitutional claims against California's governor and attorney general for lack of subject matter jurisdiction and holding that the *Ex parte Young* doctrine did not apply because "while the Attorney General is the chief legal officer of California, and is therefore the direct supervisor of the State's district attorneys and law enforcement officials and ultimately responsible for the enforcement of California law . . . , her connection to the enforcement of [the challenged statute] is a general one and is not 'fairly direct'"); *Yi Tai Shao v. Tsan-Kuen Wang*, Civ. No. 3:14-01912 WBS, 2015 WL 13685376, at *4 (N.D. Cal. July 7, 2015) (dismissing constitutional claims against California's attorney general as barred by the Eleventh Amendment where the plaintiff's "claim

---

[3] "Because the Court concludes that [the defendant] is immune from suit in federal court under the Eleventh Amendment, the Court declines to address Defendants' arguments on standing." *Odden v. Kotek*, No. 3:22-cv-1086-SI, 2023 WL 2071501, at *4 (D. Or. Feb. 17, 2023).

[arose] from her disagreement with [a] state court's application of its own rules . . . not from any conduct or omission by the Attorney General"); *cf.* *Odden*, 2023 WL 2071501, at *5 ("[T]he *Ex parte Young* exception does not apply to Plaintiffs' claims against Governor Kotek because Governor Kotek's authority to appoint and remove [Oregon Liquor Control Commission] commissioners is not a sufficiently direct connection to *enforcement* of the allegedly unconstitutional statutory and regulatory provisions.") (citation omitted).

## CONCLUSION

For these reasons, the Court GRANTS the Attorney General's motion to dismiss Clark's complaint for lack of subject matter jurisdiction (ECF No. 15), without leave to amend his complaint but without prejudice to filing his claims in state court.[4]

DATED this 12th day of February, 2024.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[4] *See* *Bolbol*, 120 F. Supp. 3d at 1020 (dismissing claims without leave to amend where "[t]he only connection between defendants and the enforcement of [the challenged statute] is the defendants' general duty to enforce and uphold California state law"; "[]neither the Attorney General nor the Governor has a 'fairly direct' connection with the enforcement of [the challenged statute]"; "the court [could] conceive of no facts which [the] plaintiffs might allege to surmount defendants' sovereign immunity"; and therefore "the court finds that amendment would be futile"); *Yi Tai Shao*, 2015 WL 13685376, at *5 ("[P]laintiff's claims against the Attorney General are barred by the Eleventh Amendment as a matter of law. The court can envision no set of facts that will allow plaintiff to allege claims against the Attorney General challenging the two statutes at the heart of her claims. Accordingly, any proposed amendment would be futile and the court will not give plaintiff leave to amend.").